FILED
06-19-2018
John Barrett
Clerk of Circuit Court
2018CV005217
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ALAN C. PACIFIC
953 E. Circle Drive
Whitefish Bay, WI 53217

LYNN M. STANCO
953 E. Circle Drive
Whitefish Bay, WI 53217

Case No.: _____
Case Code: 30707
(Personal Injury - Other)

    Plaintiffs,

-and-

ASCENSION SMART HEALTH SELF
FUNDED EMPLOYEE BENEFIT PLAN
8220 Irving Road
Sterling Heights, MI 48312,

Agent for Service of Process:
Ascension
4600 Edmundson Road
St. Louis, MO 63134

    Involuntary Plaintiff,

-vs-

COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, WA 98027

Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

XYZ INSURANCE COMPANIES
fictitious names,

    Defendants,

## SUMMONS

THE STATE OF WISCONSIN TO SAID DEFENDANTS:



You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 (forty-five) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is the Clerk of Circuit Court, Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, WI 53233, and to plaintiffs' attorney, Robert M. Courtney, COURTNEY & MOLTER, S.C., 1110 N. Old World Third Street, Suite 215, Milwaukee, WI 53203. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 (forty-five) days, the Court may grant judgment against you for the aware of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, on Monday, June 18, 2018.

*[signature]*

BY:_____

Robert M. Courtney, COURTNEY & MOLTER, S.C.
Attorney for plaintiffs Alan C. Pacific and Lynn M. Stanco
State Bar ID No.: 1014944

P.O. ADDRESS:

1110 N. Old World Third Street
Suite 215
Milwaukee, WI 53203
Phone: (414) 224-6070
Facsimile: (414) 224-0811
Email: RMC@courtneyandmolter.com

FILED
06-19-2018
John Barrett
Clerk of Circuit Court
2018CV005217
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ALAN C. PACIFIC
953 E. Circle Drive
Whitefish Bay, WI 53217

LYNN M. STANCO
953 E. Circle Drive
Whitefish Bay, WI 53217

Case No.: _____
Case Code: 30707
(Personal Injury - Other)

       Plaintiffs,

-and-

ASCENSION SMART HEALTH SELF
FUNDED EMPLOYEE BENEFIT PLAN
8220 Irving Road
Sterling Heights, MI 48312

Agent for Service of Process:
Ascension
4600 Edmundson Road
St. Louis, MO 63134

       Involuntary Plaintiff,

-vs-

COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, WA 98027

Registered Agent: CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

XYZ INSURANCE COMPANIES
fictitious names,

       Defendants,

## COMPLAINT

Now comes the above-named plaintiffs, ALAN C. PACIFIC and LYNN M. STANCO, by and through their attorneys, COURTNEY & MOLTER, S.C., by Attorney Robert M. Courtney, as and for a Complaint against the above-named defendants, and each of them, alleges and shows to the Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs ALAN C. PACIFIC, (hereinafter "PACIFIC") and LYNN M. STANCO, (hereinafter "STANCO") are adults and married to one another and currently reside at 953 E. Circle Drive, Whitefish Bay, Wisconsin. Further that said plaintiffs were married to one another at all times material hereto.

2. Upon information and belief, involuntary plaintiff, ASCENSION SMART HEALTH SELF FUNDED EMPLOYEE BENEFIT PLAN (hereinafter "ASCENSION") is a foreign entity providing and administering medical payments for the benefit of its subscribers, with an office mailing address of P.O. Box 37705, Oak Park, MI 48237-7705. Pursuant to the Wisconsin Statutes, ASCENSION may be a necessary party to this action based upon certain medical payments made on behalf of the plaintiff, PACIFIC. Plaintiff asserts no claim against ASCENSION, its agents or employees. Plaintiffs seek to extinguish any alleged subrogation claim. In the event ASCENSION fails to answer, plaintiff asked for default judgment dismissing them from the action with prejudice.

3. Upon information and belief, the defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), is a wholesale store duly authorized to conduct business in the State of Wisconsin, with its registered agent CT Corporation Systems located at 301 S. Bedford Street, 1, Madison, WI 53703. Further, that COSTCO is a foreign corporation, doing substantial business in Milwaukee County, Wisconsin, and that it owned or controlled the premises at which plaintiff PACIFIC was injured, as is defined in Wis. Stat. Sec. 101.01.

4. XYZ INSURANCE COMPANIES (hereinafter "Xyz"), are fictitious names for the corporation named in this litigation as defendants which are engaged in the business of issuing and

writing insurance policies within the State of Wisconsin, whose current identities are uncertain to plaintiff, which are made a party to this action as a consequence of providing liability and/or indemnity insurance coverage on behalf of the defendant, COSTCO.

5. On or about the 8th day of July, 2015, at about 10:05 a.m., at COSTCO, located at 950 Port Washington Road, in the Village of Grafton, County of Ozaukee, State of Wisconsin, as a direct and proximate result of the negligence and carelessness on part of the defendant, COSTCO, the plaintiff, PACIFIC, slipped and fell on a wet and slippery floor for which no warnings were provided, thereby causing significant and severe injuries to various parts of his body and causing him to suffer compensable damages including, but not limited to: A) past and future pain, suffering, and disability; B) past and future expenses for medical treatment and medications; C) past and future wage loss; D) future pain, suffering, and disability; E) future expenses for medical care, attention, and medication; F) future wage loss.

## PACIFIC'S FIRST CAUSE OF ACTION: NEGLIGENCE

6. Plaintiffs reallege and incorporate herein by reference all material allegations contained in Paragraphs 1 – 5, inclusive, as if more fully set forth herein.

7. At all times material, COSTCO, individually and/or by its employees/agents, was negligent in ways which include, but are not limited to, its failure to properly safeguard and warn PACIFIC regarding the unsafe condition of its premises, and that said negligence caused severe injuries to PACIFIC.

8. That the aforementioned failure to exercise ordinary care by COSTCO was a direct and proximate cause and a substantial factor in bringing about PACIFIC'S past injuries, past pain and suffering, and past medical and hospital expenses; that PACIFIC'S injuries are permanent in nature, thereby cause him to suffer pain and disability in the future, incur medical and hospital expenses in the future and sustain a future loss of earning capacity, in an unspecified amount pursuant to the Wisconsin Statutes and Wisconsin Law.

## PACIFIC'S SECOND CAUSE OF ACTION: SAFE PLACE VIOLATION

9. Plaintiffs reallege and incorporate herein by reference all of the material allegations contained in paragraphs 1- 8, inclusive, as if more fully set forth herein.

10. Plaintiff PACIFIC was, at all times material, a frequenter and/or invitee as those terms are defined in Wis. Stat. Sec. 101.01 at the property which the defendant, COSTO owned/controlled, when he was injured.

11. At all times material, the property where PACIFIC was injured was a public building/property and/or place of employment as those terms are defined in Wis. Stat. Sec. 101.01.

12. That, with respect to the subject property, COSTCO, individually and/or by its employees/agents, contrary to Wis. Stat. Sec. 101.11, was negligent in that they:

   a. Failed to furnish a place for employees, frequenters, and/or invitees which was safe, as that term is defined in Wis. Stat. Sec. 101.01;

   b. Failed to furnish and use safety devices and safeguards and failed to adopt and use methods and processes reasonably adequate to render the subject property safe, as that term is defined in Wis. Stat. Sec. 101.01;

   c. Failure to do every other thing reasonably necessary to protect the life, health, safety and welfare of employees, invitees and/or frequenters at the subject property where the plaintiff, PACIFIC, was injured;

   d. Failed to properly inspect, maintain, safeguard and warn so as to render the subject property safe as those terms are defined in Wis. Stat. Sec. 101.01.

13. That the aforementioned failure to exercise ordinary care/safe place violation by COSTCO was a direct and proximate cause, that is a substantial factor, in bringing about PACIFIC'S past injuries, past pain and suffering, and past medical costs; that PACIFIC'S injuries are permanent in nature, thereby causing him permanent injury, future pain and suffering, future medical care and future

loss of earning capacity all in an unspecified amount pursuant to the Wisconsin Statutes and Wisconsin Law.

### STANCO'S CAUSE OF ACTION: LOSS OF CONSORTIUM, SOCIETY & COMPANIONSHIP AND HOUSEHOLD SERVICES

14. Plaintiffs reallege and incorporate herein by reference all of the material allegations contained in paragraphs 1- 13, inclusive, as if more fully set forth herein.

15. Plaintiff STANCO was deprived of the loss of consortium, society and companionship and household services of PACIFIC due to the injuries he sustained.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

a. For compensatory damages in an undisclosed sum pursuant to the Wisconsin Statutes and Wisconsin Law which will fairly and reasonably compensate plaintiffs PACIFIC and STANCO for the injuries and damages sustained;

b. For all costs, disbursements, attorneys' fees and all interest due and owing pursuant to Wis. Stat. Sec. 628.46; and

c. Whatever further relief the Court may deem just and equitable.

PLAINTIFFS HEREBY DEMAND THAT THE ABOVE-ENTITLED ACTION BE TRIED TO A JURY OF TWELVE (12) PERSONS.

Dated at Milwaukee, Wisconsin, Friday, May 18, 2018.

BY: _____
Robert M. Courtney, COURTNEY & MOLTER, S.C.
Attorneys for Plaintiffs Alan C. Pacific and Lynn M. Stanco
State Bar ID No.: 1014944

P.O. ADDRESS:
1110 N. Old World Third Street, Suite 215
Milwaukee, WI 53203

Phone: (414) 224-6070 Facsimile: (414) 224-0811
Email: RMC@courtneyandmolter.com