UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALAN C. PACIFIC and LYNN M. STANCO
    Plaintiffs,
  and                                       Case No: 2:18-cv-1097
ASCENSION SMART HEALTH FUNDED EMPLOYEE
BENEFIT PLAN,
    Involuntary Plaintiff,
  v.
COSTCO WHOLESALE CORPORATION and XYZ
INSURANCE COMPANIES
    Defendants.

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiffs, Alan Pacific (Pacific) and Lynn Stanco, by and through their attorneys, GENDE LAW OFFICE, S.C., respectfully submit this brief in support of Plaintiff's Motion for Partial Summary Judgment filed herewith. In support thereof, Plaintiff states as follows:

### I. FACTS

This matter stems from Pacific's slip and fall at the defendant's, Costo, retail location in Grafton, WI, on July 8, 2015. A summons and complaint was filed on June, 19, 2018, in Milwaukee County State Court. Costco successfully sought removal of Pacific's state law claims to Federal Court on July 17, 2018. (D.1)

Costo representatives admitted to the following:

**JON TIMPSON (Timpson)**

At the time of Pacific's fall, Timpson was the assistant manager at the Grafton Costco and had been employed at that location for approximately five (5) days. (*See* Plaintiff's Proposed Findings of Fact ("PPFOF"), ¶10) Timpson was on duty the morning Pacific fell and has some recollection of the details surrounding the incident. *Id.* at ¶11. Timpson responded to the scene of

the fall after hearing a call over the radio and observed Pacific on the ground and water in the area. *Id.* at ¶12. Timpson concurred Pacific's fall occurred at 10:05 a.m., shortly after the store opened for business and before the daily floor-walk safety inspection occurred. *Id.* at ¶13. Timpson admitted the water that caused Pacific's fall was left by the floor scrubber shortly before the incident occurred. *Id.* at ¶5.

Timpson conceded that water on the floor constitutes a hazard, any time a floor was wet at Costco it should be cordoned off to express warning of a hazardous condition and for customer safety. *Id.* at ¶14. Timpson admitted that the water Pacific fell in was an issue similar to what he just described as a hazard. *Id.* at ¶6.

**DEBRA WOLLEMANN (Wollemann)**

Wollemann has worked for Costo since 2007 as a merchandiser/stocker. *Id.* at ¶15. Wolleman was tasked with the store opening floor-safety inspection on the day Pacific fell, but did not begin the inspection until 10:05 a.m. – after the fall. *Id.* at ¶16. Wollemann understood Costco required warning signs be posted and the area cordoned to alert customers of "wet areas." *Id.* at ¶17. Wollermann agreed water left on Costco's concrete floor constituted a slip hazard for customers, and the failure to warn created an additional hazard. *Id.* at ¶18. Wollerman also agreed the water depicted in Pacific's post-fall photographs was consistent with Costco's use of a floor scrubber and that absent warning, signage or instruction to customers related to the water left behind, constituted a hazard. *Id.* at ¶19.

**ROCELIA GOMEZ (Gomez)**

Gomez has worked for Costo since 2008 in maintenance; part of her duties and responsibilities included operating the floor scrubber. *Id.* at ¶20. Gomez understood that if water was left on the ground from the operation of the floor scrubber, she was supposed to go back over that area and remove the water. *Id.* at ¶21. Gomez agreed water left on Costco's concrete floor

constituted a slip hazard for customers, and the failure to warn created an additional hazard. *Id.* at ¶22. Gomez conceded that the scene depicted in the post-incident photographs represented a hazard to the public. *Id.* at ¶6. Gomez agreed that the water hazard Pacific slipped in should have been cleaned up by Costo employees. *Id.* at ¶7.

### JUAN CHECA (Checa)

Checa was Costco's store manager on the day Pacific fell. *Id.* at ¶23. He agreed that water left on Costco's concrete floor constitutes a hazard for customers. *Id.* at ¶24. Checa admitted that failure to warn customers of water left on Costco's smooth concrete floors put them at risk of slipping. *Id.* at ¶25. Checa agreed that the post-incident photograph depicts smooth concrete floors with the water spill that Pacific fell in at 10:05 a.m. on July 8, 2015. *Id.* at ¶26. Checa conceded that the water that caused Pacific's fall was left behind from Costco's ride-on scrubber. *Id.* at ¶5. The water spill documented in the post-incident photograph presents a hazard to customers absent a warning sign. *Id.* at ¶6. Any liquid substance on Costco's floors requires signage to warn customers of the hazard. *Id.* at ¶8. Pacific did not take any action that contributed to his fall. *Id.* at ¶9.

### ALAN PACIFIC

Pacific arrived at the Grafton Costco on July 8, 2015, at 9:50 a.m. *Id.* at ¶1. He was the first one in the store at 10:00 a.m. *Id.* at ¶2. As Pacific walked down the main aisle of the store, he slipped and fell on a water hazard. *Id.* at ¶3. No signage or warning was present to give notice of the water hazard. *Id.* at ¶4.

## II. STANDARD

Summary judgment is appropriate only if there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment will not

be granted unless "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 970 (7th Cir. 2004) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Stern v. Credit Bureau of Milwaukee*, 105 Wis. 2d 647, 315 N.W.2d 511 (Ct. App. 1981). At summary judgment, the court must interpret the facts and all reasonable inferences that can be drawn from the facts in favor of the non-moving party. *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 4 n.3, 273 Wis. 2d 612, 682 N.W.2d 365.

### III. ARGUMENT

Here, there is no evidence that Pacific was contributorily negligent. It is undisputed Costco failed to put out warning signs and failed to erect barriers around the water spillage that caused Pacific's fall. It is undisputed that Costco created the hazardous condition by leaving water on its smooth concrete floors. It is undisputed that Costco knew that water on its smooth concrete floor constituted a hazard to its customers, and the danger was increased by Costco's failure to warn of the hazardous condition left by its employee while cleaning the floors.

Pursuant to Wisconsin's safe-place statute, Wis. Stat. § 101.11(1), "every employer and owner of a public building is to provide a place that is safe for . . . frequenters," and "'[e]very employer and every owner of a place of employment or a public building . . . shall so construct, repair or maintain such place of employment or public building as to render the same safe.'" *Megal,* 2004 WI 98 at ¶ 9 (quoting § 101.11(1)). To be "safe," a building must be "as safe as the nature of the premises reasonably permits." *Strack v. Great Atl. & Pac. Tea Co.*, 35 Wis. 2d 51, 54, 150 N.W.2d

361 (1967). Here, there is no dispute that Costco violated Wisconsin's Safe Place Act, because it created the hazard Pacific fell in and failed to warn Pacific of hazardous condition that Costco knew would be dangerous to its customers absent warning signs or barriers. Therefore, Costco failed to provide a place that was safe for Pacific on the date he fell by failing to maintain the main aisle free of water hazard so as to render it safe.

### IV. CONCLUSION

WHEREFORE, Plaintiff respectfully request that the Court grant his Motion for Partial Summary Judgment that Costco violated Wisconsin's Safe Place Act as a matter of law.

Dated at Pewaukee, Wisconsin this 22nd day of November, 2019.

Gende Law Office, S.C.

s/ James J. Gende II
James J. Gende II
WI SBN 1030921
N28 W23000 Roundy Drive, Ste. 200
Pewaukee, WI 53072
Telephone (262)970-8500
Fax (262)970-7100
jgende@jamesgendelaw.com