UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ALAN C. PACIFIC and
LYNN M. STANCO,

        Plaintiffs,                      Case No: 2:18-vc-01097

and

ASCENSION SMART HEALTH FUNDED
EMPLOYEE BENEFIT PLAN,

        Involuntary Plaintiff,

v.

COSTCO WHOLESALE CORPORATION and
XYZ INSURANCE COMPANIES,

        Defendants.
_____

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Defendant, Costco Wholesale Corporation ("Costco") respectfully oppose the motion for partial summary judgment (the "Motion") filed by Plaintiffs, Alan C. Pacific ("Pacific") and Lynn Stanco (collectively, "Plaintiffs") and request that the Court deny said Motion.

**I.     INTRODUCTION**

This case arises out of a slip and fall by Pacific at Costco's warehouse store in Grafton, Wisconsin on July 8, 2015. Pacific alleges he sustained serious and permanent injuries as a result of the slip and fall. In their Complaint, the Plaintiffs brought a negligence cause of action against Costco, and further alleged Costco violated Wisconsin Statute section 101.11, otherwise known as the Safe Place Statute.

1

Plaintiffs now seek partial summary judgment as to their claim that Costco violated the Safe Place Statute. Plaintiffs argue there is no genuine issue of material fact that Costco violated the Safe Place Statute because Costco, as the owner of a public building, knew that water on its floors constituted a hazard and required Costco to warn frequenters any time there was water on the floor. Plaintiffs argue that because it is undisputed that there was water on the floor, an unsafe condition, at the time of Pacific's slip and fall, Costco clearly was in violation of the Safe Place Statute.

Yet, a violation of the Safe Place Statute requires more than just the undisputed fact that an unsafe condition existed. The owner must also have had notice of the unsafe condition. Because there are genuine issues of material fact as to whether Costco was in violation of the Safe Place Statute, specifically, whether Costco had notice of the unsafe condition, the Plaintiffs' Motion must be denied.

## II.   ARGUMENT

### A.   Legal Standard

Summary judgment is appropriate only if the moving party is entitled to judgment as a matter of law. FED. R. OF CIV. P. 56(a). The moving party bears the initial burden of showing the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Only if this initial burden is met does the burden shift to the opposing party to show that there exists a dispute of fact such that a trial is required to resolve the dispute. *Id.* On a motion for summary judgment, the Court, in evaluating the motion and response, must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 255 (1986).

### B.   Governing Law

Federal courts hearing cases pursuant to diversity jurisdiction, 28 U.S.C. § 1332, must apply state substantive law, commonly that of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). There is no dispute between the parties that Wisconsin substantive law governs the resolution of this case.

### C. Summary Judgment Is Improper To Determine Whether Costco Violated The Safe Place Statute.

Under the Safe Place Statute, every employer and owner of a public building is to provide a place that is safe for employees and for frequenters of that place, and "owners of a place of employment or a public building have the duty to repair or maintain the premises in as safe a condition as the nature of the premises reasonably permits." WIS. STAT. § 101.11; *see also McGuire v. Stein's Gift & Garden Ctr., Inc.,* 178 Wis.2d 379, 398, 504 N.W.2d 385 (Ct.App.1993) (citing *Dykstra v. Arthur G. McKee & Co.,* 92 Wis.2d 17, 26, 284 N.W.2d 692, 697 (Ct.App.1979), *aff'd,* 100 Wis.2d 120, 301 N.W.2d 201 (1981)). This duty is a higher standard of care than that imposed by common-law negligence. *Barry v. Employers Mut. Cas. Co.,* 2001 WI 101, ¶ 18, 245 Wis.2d 560, 630 N.W.2d 517; *Topp v. Cont'l Ins. Co.,* 83 Wis.2d 780, 788, 266 N.W.2d 397 (1978). The safe place statute does not, however, impose such a stringent standard of care that requires an employer or an owner of a public building to be insurers of frequenters of the premises. *Megal v. Green Bay Visitor & Convention Bureau, Inc.*, 2004 WI App 98, ¶ 9, 274 Wis. 2d 162, 682 N.W.2d 857 (citing *Strack v. Great Alt. & Pac. Tea Co.*, 35 Wis. 2d 51, 54, 150 N.W.2d 361 (1967)). In fact, comparative negligence principles remain applicable to alleged violations of the safe place statute. *Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ¶ 87, 262 Wis. 2d 539, 664 N.W.2d 545.

Courts have noted that "safe" is a relative term, and does not mean completely free of any hazards. *Megal*, 274 Wis. 2d 162, ¶ 10 (citing *Gross v. Denow*, 61 Wis. 2d 40, 46, 212 N.W.2d 2

3

(1973)). Instead, what constitutes a safe place "depends on the facts and conditions present, and the use to which the place 'was likely to be put.'" *Id.* (citations omitted). "Just because a place could be made more safe, it does not necessarily follow that an employer or owner has breached the duty of care established under Wis. Stat. § 101.11(1)." *Id.* (citing *Fitzgerald v. Badger State Mut. Cas. Co.*, 67 Wis. 2d 321, 327, 227 N.W.2d 444 (1975)).

To succeed in a claim under the safe place statute, Plaintiffs bear the burden of showing that (1) there was an unsafe condition associated with the structure; (2) the unsafe condition caused the Plaintiff's injury; and (3) Defendant had either actual or constructive notice of the unsafe condition before Plaintiff's injury. *Topp*, 83 Wis. 2d at 787-88. All three elements must be proven to obtain recovery under the statute. *Id.*

### i. Whether Costco Had Constructive Notice of the Puddle Is A Question For the Jury

Whether an employer or owner has notice of an unsafe condition for purposes of safe-place statute generally is "a question of fact for jury in all but the exceptional case." *Gulbrandsen v. H &D, Inc.*, 2009 WI App 138, ¶ 8, 321 Wis. 2d 410, 773 N.W.2d 506 (quoting *Henderson v. Milwaukee County*, 198 Wis. 2d 747, 543 N.W.2d 544 (Ct. App. 1995)); *Megal*, 274 Wis. 2d 162, ¶ 20 n.2; *see also Freidig v. Target Corp.*, 329 F.R.D. 199, 210 (W.D. Wis. 2018). Generally, an employer or owner is deemed to have constructive notice of a defect or unsafe condition when that defect or condition existed for a long enough time for a reasonably vigilant owner to discover and repair it. *Megal*, 274 Wis. 2d 162, ¶ 12. The length of time viewed as sufficient to constitute constructive notice varies according to "the nature of the business, the nature of the defect, and the public policy involved." *Rosario v. Acuity*, 2007 WI App 194, ¶ 12, 304 Wis. 2d 713, 738 N.W.2d 608 (quoting *May v. Skelley Oil Co.*, 83 Wis.2d 30, 36–37, 264 N.W.2d 574 (1978)). The Wisconsin Supreme Court has "carved out [one] limited

4

exception to the general rule that temporal evidence is required before constructive notice can arise[,]" under the safe place statute. *Megal*, 274 Wis. 2d 162, ¶ 13.

> "[W]hen an unsafe condition, although temporary or transitory, arises out of the course of conduct of the owner or operator of a premises or may reasonably be expected from his method of operation, a much shorter period of time, and possibly no appreciable period of time under some circumstances, need exist to constitute constructive notice."

*Id.* (quoting *Strack*, 35 Wis. 2d at 55; citing *Steinhorst v. H.C. Prange Co.,* 48 Wis. 2d 679, 683–84, 180 N.W.2d 525 (1970)).

In *Strack*, the plaintiff was shopping in a grocery store near tables displaying fruit when she slipped on a prune on the floor. *Strack*, 35 Wis.2d at 53–54. The plaintiff had no evidence that the prune had been on the floor for any appreciable amount of time. *Id.* at 56. The matter went before a jury to determine whether the store had constructive notice of the prune, and the jury found that the store did. *Id.* at 55-56. On appeal, the supreme court upheld the jury's finding, holding there was adequate support in the evidence to charge the store with constructive notice. *Id.* The court concluded that the grocery store could be charged with constructive notice due to its choice and method of merchandizing articles for sale to the public in the area of the store where the injury occurred. *See id.* at 56. Specifically, the nature of the store's business wherein customers were expected to handle and examine the produce displayed in open bins created sufficient constructive notice to the store that an unsafe condition may arise. *Id.* at 57-58.

Similarly, in *Steinhorst*, the supreme court upheld its limited exception set forth in *Strack* and concluded that a store's method of merchandizing articles for sale in the area of the store where the injury occurred gave rise to constructive notice. *Steinhorst*, 48 Wis. 2d at 684. There, the plaintiff was shopping in a store and slipped on spilled shaving foam when walking next to

5

the men's cosmetic counter. *Id.* at 681. The cosmetic counter displayed a number of aerosol shaving foams, including "tester" bottles that customers were encouraged to sample. *Id.* Although the plaintiff presented no evidence as to how long the shaving foam was on the floor before she slipped on it, the court determined that the *Strack* exception applied. *Id.* at 684. The court concluded that regardless of whether the condition may have been caused immediately by a shopper who spilled the foam, the danger "should have been foreseen by [the store]" due to the "method used to display the merchandise." *Id.* Thus, no constructive notice was required. *Id.*

The limited temporal exception set forth in *Strack* and *Steinhorst* was succinctly summarized by the *Megal* court, "while constructive notice of an unsafe condition usually requires temporal evidence relating to the condition, temporal evidence may be unnecessary when the method of merchandizing articles for sale to the public in the area in which the injury occurred makes the harm that occurred at that location reasonably foreseeable." *Megal*, 274 Wis. 2d 162, ¶ 15. As the *Megal* court made explicit, the exception set forth in *Strack* and *Steinhorst* is limited to situations where the sale and merchandizing of products is displayed in such a manner that it is reasonably foreseeable that a hazard will result despite precautions that are made.

Here, the water on the Defendant's floor does not fall within the extremely narrow exception set forth in *Strack* and *Steinhorst*. Nothing about the way Costco was merchandizing its products for sale contributed to the water being present on the Defendant's floor. Instead, as the Plaintiffs contend the water came from one of the Defendant's floor scrubber machines. (*See* Fredericks Aff., ¶ 7, Depo. of Debra Wollemann (hereinafter "Wollemann Depo")). Although, the exact cause of the water on the floor has not been conclusively established, assuming *arguendo* the water did come from the Defendant's floor scrubber machine, such a cause is not

6

part of Defendant's method of merchandizing its products. Thus, the *Strack* exception does not apply.

Because the *Strack* exception does not apply, in order for Plaintiffs to prevail on their motion for partial summary judgment as to the safe place violation, Plaintiffs must show Costco had either actual or constructive notice of the water being present on its floor at or prior to Pacific's fall. None of Costco's employees recalled seeing the line of water on the floor prior to Pacific's fall, meaning Plaintiffs cannot demonstrate that Defendant had actual notice of the condition. (*See* Wollemann Depo., 27:4-10; *see also* Fredericks Aff., ¶ 6, Depo. of Roceila Gomez (hereinafter "Gomez Depo."), 21:1-5, 43:7-10). Furthermore, contrary to Plaintiffs' contention, whether the Defendant had constructive notice of the condition remains disputed.

Wisconsin courts have routinely held that the jury is who should decide whether an employer or owner had actual or constructive notice that a floor was wet, greasy or slippery. *See, e.g., Freidig*, 329 F.R.D. at 202; *Dykstra v. Arthur G. McKee & Co.,* 92 Wis. 2d 17, 29-30, 284 N.W.2d 692 (Ct. App. 1979) (jury determined the employer had violated the safe place statute by allowing the floor to get slippery); *Pettric v. Gridley Dairy Co.*, 202 Wis. 2d 289, 232 N.W.2d 595 (1930) (issue went before trier of fact to determine whether owner had notice that its stairway was slippery). In *Freidig*, the plaintiff slipped on a puddle and fell in a store owned by the defendant, injuring her wrist. *Freidig*, 329 F.R.D. at 202. After the fall, the store inspected the area where the plaintiff fell and noticed a puddle approximately the size of a basketball. *Id.* There was evidence that one of the store's employees had inspected the area of the fall ten to fifteen minutes prior to the fall and did not notice any liquid on the ground. *Id.* Importantly, the store failed to preserve the surveillance footage of the area twenty minutes before and after the

7

fall, as was its normal policy whenever an accident occurred on the premises. *Id.* at 202-03. Therefore, there was no evidence as to when or how the puddle formed. *Id.* at 203.

On cross-motions for summary judgment, the court concluded because there was no evidence that the store had actual notice of the puddle, the plaintiff bore the burden of showing the store had constructive notice of the puddle. *Id.* at 205. The court noted that, at most, the evidence the plaintiff had was purely speculative as to how long the puddle existed prior to her fall, and speculation is insufficient to establish constructive notice. *Id.* at 210. However, due to the fact that the store had failed to preserve the surveillance footage, as was its normal practice, the court concluded that the spoliation of evidence jury instruction was appropriate. *Id.* at 209-10. With such an instruction the court further found a reasonable jury could conclude that the store had constructive notice of the puddle. *Id.* at 210. Therefore, the court denied the store's motion for summary judgment. *Id.*

Here, like in *Freidig*, there is no evidence that any of Defendant's employees saw or noticed the water on the floor prior to Pacific's fall. (*See* Gomez Depo., 21:1-5; Wollemann Depo., 27:4-6). The Plaintiffs also have no evidence as to when exactly the water first was left on the floor. (*See* Gomez Depo., 45:2-12; Fredericks Aff., ¶ 8, Depo. of Juan Checa (hereinafter "Checa Depo."), 21:21-24). Further, evidence shows that an employee of the Defendant was in the process of conducting an inspection of the premises at the time of the fall. (*See* Wollemann Depo., 11:15-25). The timing of such inspection, specifically at the time the store was opening, was within the usual practice of the Defendant. (Wollemann Depo., 12:1-14). Further, due to the size of the property, the inspections typically took over twenty minutes. (Wollemann Depo., 24:15-20). The evidence shows Pacific's fall occurred within five minutes of the store opening, well within the twenty-minute timeframe it took to complete the full inspection. Plaintiffs make

8

much of the fact that Defendant did not complete its inspection of the premises until after the slip and fall occurred. However, whether Defendant conducting an inspection of its premises after the store opened is reasonable is a question that should be left to the jury, not decided as a matter of law.

As such, because there are genuine issues of whether or not the Defendant had constructive notice of the water streak the Plaintiffs' motion for summary judgment on the violation of the safe place state must be denied.

### ii. Summary Judgment is Improper to Determine Whether Pacific Had Any Contributory Negligence.

Plaintiffs also argue they are entitled to summary judgment on Defendant's alleged violation of the Safe Place Statute because no jury could find that Pacific has any contributory negligence. Yet, merely because the Plaintiffs allege Pacific has no contributory negligence does not mean it is true. Instead, Pacific's contributory negligence is a question to be decided by the jury.

The Safe Place Statute does not render an owner an insurer of all persons on the owner's property. *Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ⁋ 87, 262 Wis. 2d 539, 664 N.W.2d 545 (citations omitted). Comparative negligence principles remain applicable to alleged violations of the Safe Place Statute. *Id.* Generally, the apportionment of negligence is a question for the jury. *Zick v. U.S.,* 970 F. Supp. 2d 886, 892 (W.D. Wis. 2013). In fact, "the instances in which a court can…rule [on comparative negligence at summary judgment] will be extremely rare." *Id.* (brackets in original) (quoting *Davis v. Skille*, 12 Wis. 2d 482, 489, 107 N.W.2d 458, 462 (1961)); *see also Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2005 WI 85, ⁋ 45, 282 Wis. 2d 69, 697 N.W.2d 643 ("The apportionment of comparative negligence is a matter left to the trier of fact.").

9

A patron or frequenter of a public building has a duty to use ordinary care for his own safety and protection, including observing the floor they are walking on and his other surroundings. *See Buerosse v. Dutchland Dairy Restaurants, Inc.*, 72 Wis. 2d 239, 242-43, 240 N.W.2d 176 (1976) (citing Wis JI – Civil 1902). In *Buerosse*, the Wisconsin Supreme Court upheld a jury verdict that found a patron was more causally negligent than a restaurant when she did not pay attention to her surroundings and slipped and fell on substance on ground. *Id.* at 244. The Court reasoned that it was appropriate for the trial court to instruct the jury that the plaintiff owed a duty to use ordinary care to observe her surroundings, even though the plaintiff claimed the restaurant violated the safe place statute. *Id.* at 244-45.

Here, a number of pieces of evidence point to Pacific having some contributory negligence. First, the photo that depicts the condition of the floor at the time immediately after Pacific's fall shows a strip of water that is clearly visible. (*See* Doc. 28-6, Gende Aff., ¶ 8, Ex. F). Pacific, himself, estimated that the strip of water was at least fifteen feet long. (Fredericks Aff., ¶ 9, Depo. of Alan Pacific (hereinafter "Pacific Depo."), 38:20-22). He also asserted that he did not see this fifteen-foot strip of water prior to his fall. (Pacific Depo. 34:15-19).

Second, Pacific testified that he arrived to the store prior to the store opening. He explained he arrived at the store before it opened because "I can't sit still. I got to be doing stuff. If I'm not doing stuff, I'm not productive." (Pacific Depo., 31:23-24). He was advised he had to wait until the store was open, and so he went back to his car to wait. (Pacific Depo., 32:2-4). Once the store did open, Pacific was the first person in line and in the store. (Pacific Depo., 32:4-7). Pacific also testified that he knew what he needed was in the back of the store and so he immediately headed in that direction upon entering the Defendant's store. (Pacific Depo., 35:4-7).

In deciding a motion for summary judgment, the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Schuster v. Lucent Tech, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). When viewing all the facts in the current matter in the light most favorable to Costco, one reasonable inference is that Pacific was in a hurry at the time of his fall and was not paying attention to his surroundings. Such an inference supports a finding that Pacific has some contributory negligence for his fall. Specifically, because Pacific has a duty to use ordinary care for his own safety and protection, and to make himself aware of his surroundings, a trier of fact could find that Pacific's failure to observe his surroundings contributed to and caused his fall. Thus, any determination on Pacific's contributory negligence is not appropriate at the summary judgment stage and must be left to the trier of fact.

### III. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court deny the Plaintiffs' motion for partial summary judgment on the issue as to whether Costco violated the Safe Place Statute.

Respectfully submitted this 17th day of December, 2019.

**Borgelt, Powell, Peterson & Frauen, S.C.**
Attorneys for Costco Wholesale Corporation

s/ *James M. Fredericks*
James M. Fredericks
WI SBN 1030921
1243 N. 10th Street, Suite 300
Milwaukee, Wisconsin 53205
Telephone: (414)276-3600
Fax: (414) 276-0172
jfredericks@borgelt.com